ALDERMAN, Justice,
concurring in part, dissenting in part.
For the most part, I agree with the majority opinion. I would approve, however, proposed rule 11.02(4)(d), which relates to unearned fees. In my opinion, an attorney should not be able to use a fee received from his client until the fee is earned. The proposed rule clearly excepts from an unearned fee the historic common law retainer fee paid solely to secure availability of the services of a lawyer. It protects the client not only from the dishonest lawyer who might use the fee with no intention of performing-the work but also from the lawyer who used the fee while fully intending to perform the work but, because of his death or some other unforeseen event, is unable to do so.
I would approve proposed rule 11.02(4)(e), which deals with spot audits and provides for in-house auditors. I believe that this rule would substantially improve the degree of compliance with trust accounting procedures and would reduce trust fund defalcations. Furthermore, I find that the recent decision of the Supreme Court of the United States in Marshall v. Barlow’s, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), which held that inspection of business premises without a warrant pursuant to section -8(a), Occupational Health and Safety Act, violated the fourth amendment to the United States Constitution, presents a different situation than we have here. In Marshall, the Supreme Court acknowledged that an exception to the search warrant requirement has been recognized for regulated business and stated that a businessman in regulated industry effectively consents to restrictions placed upon him. The audit of lawyers’ trust accounts is more analogous to an audit of bank records by a bank examiner.
I would also approve the recommended revision of rule 11.10(9), which revokes the permission granted a suspended, disbarred, resigned, or inactive lawyer to be employed by a law firm or professional association, because I believe that a suspended or disbarred lawyer who continues to work in or hang around a law office is asking for trouble. To permit a disbarred or suspended attorney’s employment as a law clerk or investigator with a law firm would be detrimental to the integrity and reputation of the Bar because it invites public misunderstanding of the disciplinary action taken against the lawyer. Furthermore, it reduces the effect of any order of suspension or disbarment.
Finally, I would approve the qualifications proceedings proposed by the committee. Proposed rule 11.14 provides procedures for conducting qualification proceedings against an attorney incapable of practicing law, generally or in a particular field of law, because of lack of expertise or qualifications or inability to render legal services in a prompt and competent manner. Remedies which may be imposed on the accused attorney through these proceedings include placement on the inactive list, restrictions upon the right to practice, or subjecting the right to practice to certain conditions such as required supervision, compulsory attendance of CLE courses, passage of designated law school courses, or passage of all or a portion of The Florida Bar examination. This rule would be beneficial to the Bar and to the public.